IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALPHONSO BROWN, #121860, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:10-CV-280-TMH |
| | ) [WO] |
| | ) |
| TONY PATTERSON, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  PROCEDURAL HISTORY**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Alphonso Brown ["Brown"], a state inmate, on March 25, 2010.[1] In this petition, Brown challenges the life without parole sentence imposed upon him on May 25, 1984 by the Circuit Court of Montgomery County, Alabama for first degree robbery.  Specifically, Brown contends this sentence is not authorized by law because the six prior convictions on which the trial court relied in enhancing the sentence under the Alabama Habitual Offender Act, *Ala. Code* § 13A-5-9, *et seq*., are alleged youthful offender convictions and

---

[1] The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  It appears Brown placed the petition in the prison mailing system on March 25, 2010.  *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 9.  In light of the foregoing and for purposes of the proceedings herein, the court considers March 25, 2010 as the date of filing.

state law prohibits the use of such convictions for purposes of sentence enhancement.[2] The robbery conviction and resulting sentence became final by operation of law on July 6, 1984.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant federal habeas petition is barred by the limitation period applicable to 28 U.S.C. § 2254 petitions as Brown failed to file this petition within the "grace period" adopted by the Eleventh Circuit.[3] Because Brown's robbery conviction became final in July of 1984, well before the effective date of the AEDPA, the limitation period did not

---

[2] Brown presents no evidence in support of this claim and relies solely on his conclusory, self-serving allegation that the prior convictions used for sentence enhancement were youthful offender convictions. In addressing this issue during Brown's state post-conviction action, the trial and appellate courts determined this claim lacked merit because the records from these convictions indicated youthful offender status was denied in each case. *Respondents' Exhibit B - Doc. No. 15-2* at 2 (Appellate Court Memorandum Opinion Denying Rule 32 Petition); *Respondents' Exhibit A - Doc. No. 15-1* at 22 (Trial Court Order Denying Rule 32 Petition). Brown also presents claims alleging due process violations arising from the trial court's purported failure to procure his attendance at a hearing scheduled on his Rule 32 petition and its ruling on the Rule 32 petition absent a response from the State. However, a thorough review of the undisputed state court record demonstrates the trial court did not actually conduct the referenced hearing and decided the matter without a hearing based on the arguments contained in the Rule 32 petition *and* the answer/motion to dismiss filed by the State on October 21, 2009. *Respondents' Exhibit A - Doc. No. 15-1* at 22 (Trial Court Order Denying Rule 32 Petition); *see also Respondents' Exhibit A - Doc. No. 15-1* at 17-20 (Answer of State to Rule 32 Petition). Thus, these allegations are refuted by the record. In addition, the due process challenges regarding the manner in which the trial court disposed of the Rule 32 petition provide no basis for federal habeas relief as these claims do not implicate the Constitution because states have no obligation to provide this avenue of relief, and when they do, nothing in the Constitution requires a particular course of action in adjudicating the matter. *Murray v. Giarratano*, 492 U.S. 1, 6-8, 109 S.Ct. 2765, 2768-2769 (1989); *Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 1994 (1987); *Golston v. Attorney General of the State of Alabama*, 947 F.2d 908, 911 (11th Cir. 1991). Moreover, to the extent these claims are based on alleged violations of state law, Brown is likewise entitled to no relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988).

[3] The Anti-Terrorism and Effective Death Penalty Act [the "AEDPA"] sets forth a one-year period of limitation applicable to the filing of federal habeas petitions. This Act became effective on April 24, 1996. The Eleventh Circuit, however, adopted a "grace period" for petitioners whose convictions became final prior to enactment of the AEDPA which allows such persons "one year from the AEDPA's effective date" to file a federal habeas petition. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).

begin to run until April 24, 1996. *Wilcox*, 158 F.3d at 1211; *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998). The respondents acknowledge Brown filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, in the Circuit Court of Montgomery County, Alabama on September 3, 2009 challenging his robbery conviction.[4] *Respondents' Exhibit A - Doc. No. 15-1 at 12*. The respondents assert this Rule 32 petition did not toll the one-year period of limitation because Brown filed the petition several years after expiration of the federal limitation period and, therefore, this state post-conviction petition was not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite period of limitation. *Respondents' Answer - Doc. No. 15 at 6*; *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed'

---

[4] The state petition reflects Brown submitted the document to prison officials for mailing on September 3, 2009. *Respondents' Exhibit A - Doc. No. 15-1 at 12*. As previously noted, *infra*. at n.1, a *pro se* inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272. "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to a *pro se* Rule 32 petition filed in the state courts of Alabama. Thus, this court considers September 3, 2009 the appropriate date of filing for Brown's Rule 32 petition. The parties do not dispute this date.

application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  Thus, the respondents maintain "the limitation period began running on [the effective date of the AEDPA], giving [Brown] one year from April 24, 1996 (in the absence of tolling) to file a federal habeas petition....  Brown filed the instant habeas petition on [March 25, 2010].  Brown's petition was therefore submitted to this Court [over] twelve years ... outside the AEDPA limitation period." *Respondents' Answer - Doc. No. 15* at 6-9.

    Based on the foregoing, the court entered an order advising Brown he failed to file his federal habeas petition within the one-year limitation period established by federal law. *Order of June 10, 2010 - Doc. No. 16*.  This order provided Brown an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed.  *Id*. at 4-5.  In response to this order, Brown asserts his unauthorized sentence claim presents a challenge to the jurisdiction of the trial court and argues the one-year period of limitation therefore does not apply to bar review of this claim.  *Petitioner's Response - Doc. No. 17* at 2 ("Petitioner is challenging an illegal sentence.  It is jurisdictional and

cannot be barred by the limitation period of 28 U.S.C. 2244(d)(1).").

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes this habeas petition is due to be denied as Brown failed to file the petition within the applicable one-year period of limitation.

## II.  DISCUSSION OF FEDERAL LIMITATION PERIOD

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the

> exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

On May 5, 1984, a jury duly empaneled within the Circuit Court of Montgomery County, Alabama found Brown guilty of first degree robbery. On May 25, 1984, the trial court sentenced Brown as a habitual offender to life without parole for this conviction. Brown did not appeal his conviction or sentence. Since Brown failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of

his robbery conviction. By operation of law, Brown's conviction for first degree robbery became final on July 6, 1984 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review of his robbery conviction expired. Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. It is therefore undisputed that the conviction challenged in this federal habeas action became final prior to enactment of the AEDPA. Thus, if the court applied the AEDPA retroactively, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Brown's robbery conviction in July of 1985. However, "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Brown], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox*, 158 F.3d at 1211. Consequently, prisoners in this position are allowed a reasonable period of time after enactment of section 2244(d)'s one-year period of limitation to file their § 2254 petitions and "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date." *Id*.

    **1. Applicability of Limitation Period**. Brown argues that his claim challenging the validity of his sentence presents a jurisdictional claim which is not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A). However, neither the statute nor federal case law makes such an exception for alleged jurisdictional issues

arising under state law. The court notes that no government impediment existed to the presentation of Brown's improper sentence claim nor is this claim based on a newly recognized constitutional right. Moreover, the factual predicate of Brown's claim for federal habeas relief was available to him at the time the trial court imposed sentence upon him. The illegal sentence claim therefore fails to meet the exceptions to determining finality of judgment contained in 28 U.S.C. § 2244(d)(1)(B), (C) and (D).

    **2. Statutory Tolling.** Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Brown filed a Rule 32 petition on September 3, 2009, this petition did not toll the federal limitation period because Brown filed the state petition several years after the limitation period had expired. *Webster*, 199 F.3d at 1259 ("A state court petition ... filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore*, 321 F.3d at 1381 (Statute permits tolling of the limitation period only while a properly filed state post-conviction action is pending and such action cannot "reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired.").

    In light of the foregoing, the court concludes the tolling provision set forth in 28

U.S.C. § 2244(d)(2) is unavailing with respect to the state post-conviction petition filed by Brown on September 3, 2009. Thus, the federal limitation period began to run April 24, 1996, and, absent equitable tolling, the time allowed Brown for filing a federal habeas petition expired on April 24, 1997.

    **3. Equitable Tolling**. Case law directs the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002). The United States Supreme Court recently confirmed the

AEDPA's one-year period of limitation "is subject to equitable tolling" but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Brown presents no arguments relative to equitable tolling. Nevertheless, to the extent the pleadings before this court can be liberally construed to seek equitable tolling based on Brown's limited legal knowledge, he is entitled to no relief as the law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S.

1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (petitioner's *pro se* status throughout majority of limitation period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

Moreover, the record before this court is devoid of any evidence indicating an "extraordinary circumstance" existed which "prevented" Brown from filing a timely federal petition for habeas corpus relief. Additionally, Brown presents nothing demonstrating he exercised diligence in pursuing relief in a § 2254 petition. The record is therefore devoid of evidence that Brown's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999).

Under the circumstances of this case, this court "cannot say that [Brown] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted

principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Thus, Brown is not entitled to equitable tolling of the limitation period.

**4. Expiration of the Limitation Period**. Based on the foregoing analysis, the applicable one-year period of limitation expired on April 24, 1997. Brown filed the instant petition for federal habeas relief on March 25, 2010, over twelve years after expiration of the federal limitation period. Brown has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Alphonso Brown be denied as it was not filed within the applicable period of limitation established by federal law.

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before July 3, 2012 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it

is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of June, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE